**Manuel GOMEZ–PELICO, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 01–71866.

INS No. A70 773 732.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 12, 2002.*

Decided Aug. 15, 2002.

Before SCHROEDER, Chief Judge, TASHIMA, and RAWLINSON, Circuit Judges.

MEMORANDUM **

Manuel Gomez–Pelico, a citizen of Guatemala, petitions for review of the Board of

---

* The panel finds this case appropriate for submission without oral argument pursuant to Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as 9th Cir. R. 36–3 may provide.

**810**

Immigration Appeals' denial of his application for asylum and withholding of deportation. We have jurisdiction pursuant to former 8 U.S.C. § 1105a(a),[1] and we deny the petition.

The BIA's determination that an alien is not eligible for asylum must be upheld if it is " 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.' " *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992) (citation omitted). "It can be reversed only if the evidence presented ... was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed." *Id.* When an alien seeks to overturn the BIA's adverse determination, "he must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." *Id.* at 483–84; *see also Cordon–Garcia v. INS,* 204 F.3d 985, 990 (9th Cir.2000); *Ghaly v. INS,* 58 F.3d 1425, 1429 (9th Cir.1995).

Where an asylum claim is involved, an alien must show either past persecution or a well-founded fear of future persecution that is "both subjectively genuine and objectively reasonable." *Fisher v. INS,* 79 F.3d 955, 960 (9th Cir.1996) (en banc). Additionally, the claimed persecution must be on account of one of the grounds set forth in 8 U.S.C. § 1101(a)(42)(A). *See id.* at 962.

The guerillas' single threat to Gomez–Pelico does not rise to the level of persecution. *See Lim v. INS,* 224 F.3d 929, 936 (9th Cir.2000); *see also Gui v. INS,* 280 F.3d 1217, 1229 (9th Cir.2002). Additionally, the evidence does not compel the conclusion that the threat was made on account of his political opinion, if any. *See Elias–Zacarias,* 502 U.S. at 482–83; *Sangha v. INS,* 103 F.3d 1482, 1490–91 (9th Cir.1997).

Petition DENIED.[2]

---

1. Because Gomez–Pelico was placed into administrative proceedings before April 1, 1997, but the BIA decision did not issue until November of 2001, the transitional rules of the Illegal Immigration and Immigrant Responsibility Act of 1996 govern the review of this appeal. *See Kalaw v. INS,* 133 F.3d 1147, 1149–50 (9th Cir.1997).

2. Because Gomez–Pelico did not meet the eligibility requirements for asylum, he was not entitled to withholding of deportation either. *See Ghaly,* 58 F.3d at 1429.

